IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELIJAH MANUEL, ) | |
| No.  R49737, ) | |
| ) | |
|        Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-00783-SMY |
| ) | |
| ZACHARY ROECKEMAN, ) | |
| C/O NALLEY, and ) | |
| CINDY MILLER, ) | |
| ) | |
|        Defendants. ) | |

**MEMORANDUM AND ORDER**

**YANDE, District Judge:**

Plaintiff Elijah Manuel is an inmate currently housed at  Big Muddy River Correctional Center.  Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights, principally with respect to retaliation against him for filing administrative grievances.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff, proceeding *pro se*, has filed what is captioned as a "complaint," as well as a "declaration" detailing what appears to be the primary basis for his claims, a "memorandum of law," and documentation in support of his claims (Doc. 1)—all of which will be construed as comprising the complaint for purposes of the preliminary review.

According to the complaint, in April 2015 an inmate assaulted Plaintiff with a weapon. Plaintiff subsequently submitted two distinct administrative grievances to his counselor, Cindy Miller, with an eye toward eventually exhausting the administrative process and proceeding to filing a federal civil rights action alleging that prison official failed to protect him from harm. When Plaintiff did not get a prompt response, he wrote letters to Counselor Miller and the grievance officer (who was the next stop in the grievance process), but received no response. Plaintiff personally spoke with Miller on June 22, asking about getting a response to his grievances. He and Miller disagreed about how rapidly a response was due, and their conversation ended with Miller asking in a "sassy way and tone" whether Plaintiff was going to file a grievance against her.

Within a few hours of Plaintiff's discussion with Miller, C/O Nalley, allegedly at Miller's behest, searched Plaintiff's cell. Among Plaintiff's belongings, C/O Nalley discovered and seized paperwork, including grievances, medical records, declarations from witnesses and other documents that formed the basis of the lawsuit Plaintiff was drafting. In addition to seizing

Plaintiff's paperwork, C/O Nalley placed Plaintiff in segregation, alongside and under the same conditions as those who had been convicted of violating prison rules. Plaintiff contends that, by preventing Plaintiff from exhausting his administrative remedies, searching his cell, seizing his legal documents, and placing him in segregation, Miller and Nalley were retaliating against him for filing grievances and violating his right to seek redress in court.

Plaintiff further alleges Warden Roeckeman and other unidentified staff have also attempted to impede Plaintiff's efforts to seek redress. Warden Roeckeman has not filed criminal charges against the inmate who assaulted Plaintiff. Unidentified prison staff have removed the knobs on the windows so segregation inmates cannot get any outside air. Segregation officers will not get Plaintiff necessary forms and have impeded his access to the law library. And, when it is time for yard or to use the telephone, guards deliberately pass by Plaintiff's cell. Plaintiff characterizes how he has been treated as a "campaign of harassment," and he claims to have had a mental breakdown while in segregation. Plaintiff contends that the conditions of his confinement violate the Eighth Amendment, and he further characterizes his overall treatment as a denial of his Fourteenth Amendment right to due process and violation of prison rules.

Counselor Miller, C/O Nalley and Warden Roeckeman are the named defendants. Plaintiff asks that the defendants not be notified of this action because he will be subjected to further harassment (which he speculates will include his transfer and intimidation of his witnesses). He otherwise requests "any type of redress," without specifying that he seeks monetary damages, or specific injunctive relief (other than proceeding with this case *ex parte*).

### Discussion

*Miller and Nalley*

A First Amendment retaliation claim against Counselor Miller and C/O Nalley can easily be parsed from the muddled complaint. "[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper." *Howland v. Kilquist,* 833 F.2d 639, 644 (7th Cir. 1987); *see also Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir. 2000). The filing of an administrative grievance is protected activity.[1] *See Hasan v. U.S. Dep't of Labor,* 400 F.3d 1001, 1005 (7th Cir. 2005). To prevail on a First Amendment retaliation claim, Plaintiff must ultimately show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action. *Woodruff v. Mason,* 542 F.3d 545, 551 (7th Cir. 2008) (quoting *Massey v. Johnson,* 457 F.3d 711, 716 (7th Cir. 2006)). Accordingly, this First Amendment retaliation claim against Miller and Nalley shall proceed as "Count 1."

*Roeckeman*

The allegation that Warden Roeckeman did not criminally prosecute the inmate who assaulted Plaintiff shall be designated as "Count 2." However, no constitutional claim has been stated. The First and Fourteenth Amendments protect the right to access the courts to seek redress of grievances. *Rossi v. City of Chicago*, 790 F.3d (7th Cir. 2015). However, a criminal prosecution is not the prerogative of a prison warden; rather, such authority rests with state and

---

[1] Miller's failure to respond to grievances has not been recognized as a stand-alone First Amendment "access to courts" claim, because Plaintiff can proceed with a Section 1983 case if administrative grievances have been rendered unavailable. *See* 42 U.S.C. § 1997e(a); *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

federal prosecutors. Moreover, Plaintiff "has no right to compel a criminal prosecution." *Wimberly v. Julius*, 606 F. App'x 309, 311 (7th Cir. 2015) (citing *Town of Castle Rock, Colo. v. Gonzales,* 545 U.S. 748, 768 (2005); *Sandage v. Bd. of Comm'rs of Vanderburgh Cnty.,* 548 F.3d 595, 597 (7th Cir. 2008). Plaintiff does not even have a right to have the police investigate his case. *Rossi*, 790 F.3d at 735. Count 2, the claim regarding Roeckeman failing to criminally prosecute the inmate who assaulted Plaintiff, will be dismissed with prejudice, as it fails as a matter of law. The dismissal of this claim has no bearing on any potential claim that prison officials failed to protect Plaintiff from harm (which Plaintiff indicates he intends to bring in a separate civil rights action).

No other claims are brought against Warden Roeckeman, so he will be dismissed from this action. If the Court has failed to recognize an intended claim against Roeckeman, Plaintiff is free to amend the complaint to plead such a claim.

### *Other Claims*

All of the other allegations regarding the conditions of confinement in segregation and a campaign of harassment are not pleaded against the three named defendants; rather, an amorphous group of unidentified prison employees were involved. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Similarly, because personal involvement is required for liability to attach, the *respondeat superior* doctrine—supervisor liability—is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Consequently, all of these other claims will be dismissed without

prejudice. Any other claims intended by Plaintiff but not recognized by the Court were inadequately pleaded under the *Twombly* standard and should also be considered dismissed without prejudice.

### *Proceeding Ex Parte*

Insofar as Plaintiff requests this action proceed *ex parte*—without letting the defendants know about the case—Plaintiff's request must be denied. Plaintiff's fears of retaliation are speculative. Moreover, our adversarial system requires that defendants be served with the complaint and be given a chance to defend themselves.

### Disposition

**IT IS HEREBY ORDERED** that, Plaintiff's motion to proceed with this action *ex parte* is **DENIED**.

**IT IS FURTHER ORDERED** that, for the reasons stated, **COUNT 1**, a First Amendment retaliation claim, shall **PROCEED** against Defendants **CINDY MILLER and C/O NALLEY**.

**IT IS FURTHER ORDERED** that **COUNT 2** against Defendant **ZACHARY ROECKEMAN**, regarding the failure to criminally prosecute Plaintiff's assailant, is **DISMISSED with prejudice**; **ROECKEMAN** is **DISMISSED without prejudice** as a defendant.

**IT IS FURTHER ORDERED** that all other claims are **DISMISSED** without prejudice.

The Clerk of Court shall prepare for Defendants **CINDY MILLER and C/O NALLEY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as

identified by Plaintiff. Accordingly, Plaintiff's motion for service of process at government expense (Doc. 4) is **DENIED as moot**.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants **CINDY MILLER and C/O NALLEY** are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings, including consideration

of Plaintiff's motion for recruitment of counsel.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 14, 2015**

s/ STACI M. YANDLE
**United States District Judge**
