# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELIJAH MANUEL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 15-CV-783-SMY-RJD |
| NICK NALLEY, CINDY MILLER, DONA HOWELL, and ROSA CHAR, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

### Procedural Background

Plaintiff Elijah Manuel, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. §1983, alleging that his constitutional rights were violated while he was incarcerated at Big Muddy Correctional Center ("Big Muddy"). On June 28, 2016, Plaintiff, with the assistance of counsel, amended his Complaint and now proceeds on the following claims:

Count One: Defendants Char and Howell failed to protect Plaintiff from an assault by his cellmate in violation of the Eighth and Fourteenth Amendments; and

Count Two: Defendants Miller and Nalley retaliated against Plaintiff for filing grievances, in violation of the First and Fourteenth Amendments.

On October 18, 2017, Plaintiff and Defendants Char and Howell filed a Stipulation of Dismissal pursuant to Federal Rule of Civil Procedure 41, indicating that Plaintiff's cause of action against said defendants is dismissed with prejudice (Doc. 84). A plain reading of Rule 41(a) suggests that it should only be used to dismiss an entire action (rather than a particular claim against a particular defendant). *See Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015)

(Rule 41(a) is "limited to dismissal of an entire action" and Rule 15(a) is the proper vehicle for adding or dropping parties or claims). While the Court acknowledges the plain reading of the Rule, it finds that dismissing defendants Char and Howell, rather than ordering amendment of the Complaint, is in the interest of judicial economy considering the posture of this case. Accordingly, Defendants Rosa Char and Dona Howell are hereby **DISMISSED WITH PREJUDICE**.

The only remaining claim is Count Two, a claim for retaliation against Defendants Miller and Nalley. Defendants Motion for Summary Judgment as to this claim is now before the Court (Doc. 82). For the reasons set forth below, Defendants Miller and Nalley's Motion for Summary Judgment is **GRANTED**.

## Factual Background

On April 24, 2015, while incarcerated at Big Muddy, Plaintiff Elijah Manuel was attacked by his cellmate (Plaintiff's Deposition, Doc. 83-1, p. 16). Soon thereafter, in May and June 2015, Manuel submitted three grievances to his counselor, Defendant Cindy Miller, concerning issues related to the attack (*Id.* at 4-5). Because Manuel never received any response to these grievances, he submitted numerous follow-up letters to Defendant Miller to confirm receipt of the same (*Id.* at 6-7; Defendant Miller's Supplemental Interrogatory Answers, Doc. 83-9, p. 8). Manuel also submitted a letter directly to the Grievance Officer[1] on or about June 16, 2015, complaining about Miller's failure to take action on his grievances (Plaintiff's Answers to Defendants' Interrogatories, Doc. 83-2, p. 4; Doc. 83-1 at 17).

Miller met with Manuel in his housing unit on June 22, 2015 to discuss the letters he sent

---

[1] At his deposition, Plaintiff testified that he submitted his letter directly to the Administrative Review Board ("ARB"). However, in his answer to Defendant's Interrogatory No. 1, Plaintiff stated that he "wrote a letter directly to the Grievance Officer … [and] [n]o action was taken by the Grievance Officer because no action had been taken by Counselor Miller on the grievance." (Plaintiff's Answers to Defendants' Interrogatories, Doc. 83-2, p. 4). Although the Court notes the discrepancy in Plaintiff's statements, the discrepancy is not dispositive of any issue now before the Court.

regarding his grievances and her lack of response (*Id.* at 9, 17; *see* Plaintiff's Cumulative Counseling Summary, Doc. 83-7, p. 5). Miller informed Manuel that she had more than fourteen days to respond to a grievance and advised him to stop sending confirmation letters (Doc. 83-1 at 9). According to Manuel, Miller ended the conversation by asking if he was going "to write a grievance on her too," to which he responded, "maybe" (*Id.* at 9). This interaction is recorded in Plaintiff's Cumulative Counseling Summary at 11:51:34 on June 22, 2015 (*see* Doc. 83-7 at 5).

At approximately noon on the same day, Manuel's cell was shaken down by Defendant Nalley, a correctional officer at Big Muddy (Doc. 83-1 at 9; *see* Offender Disciplinary Report, Doc. 83-5, p. 5; *see also* IDOC Shakedown Record, Doc. 83-3, p. 3)[2]. Nalley seized various items, the content of which is disputed. Manuel asserts that Nalley seized paperwork related to a lawsuit he was preparing to file against certain prison officials at Big Muddy, along with supportive documents (Doc. 83-2 at 4). Defendants, however, contend that the confiscated items were contraband and included forged affidavits that Manuel was preparing for submission with his lawsuit (*see* Doc. 83-5 at 3; *see also* Doc. 83-6).

On July 6, 2015, Nalley issued Manuel a disciplinary ticket in relation to the shakedown and confiscation of contraband (*see* Doc. 83-5, p. 3). Following a disciplinary hearing on July 13, 2015, Manuel was found guilty of the following charges: (1) 204 – Forgery; (2) 308 – Contraband/Unauthorized Property; and (3) 309 – Petitions, Postings & Business Ventures (*Id.* at 1). Manuel was disciplined with three months in segregation, three months C Grade, commissary and yard restrictions, and a disciplinary transfer to a higher security facility (*Id.*).

Manuel disputes the validity of the ticket and the decision of the Adjustment Committee,

---

[2] Prior to the June 22, 2015 shakedown, a shakedown slip and corresponding incident report was completed by Alexandria Markel and witnessed by Char Rosa (a former defendant in this action) on June 12, 2015 (*see* Doc. 83-3 at 1-2). Markel reported that an inmate provided her petition papers that he had received from Plaintiff (*see id.*). The petition papers were confiscated and locked in a contraband box (*see id.* at 1).

and attests that the items allegedly taken from his cell were not his and were "never shown" to be in his possession (Doc. 83-1 at 16; Plaintiff's Affidavit, Doc. 85-1, ¶ 3).

## Discussion

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The movant bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In assessing a summary judgment motion, the district court views the facts in the light most favorable to and draws all reasonable inferences in favor of the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

In his Amended Complaint, Manuel alleges that Defendants Miller and Nalley retaliated against him for filing grievances and preparing a lawsuit. A prison official who takes action in retaliation for a prisoner's exercise of a constitutional right violates the Constitution. *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). In order for a plaintiff to prevail on a First Amendment retaliation claim, he must show that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the defendant's decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th

Cir. 2009) (citing *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)) (other citations omitted).

At the summary judgment stage, the burden of proving causation is split between the parties. *Kidwell v. Eisenhauer*, 679 F.3d 957, 965 (7th Cir. 2012). Initially, in order to establish a prima facie case, the plaintiff must produce evidence that his speech was at least a "motiving" factor in the defendant's decision to take retaliatory action. *Id.* Then, the burden shifts to the defendant to rebut the causal inference raised by the plaintiff's evidence and show that the harm would have occurred anyway, despite the protected activity. *Id.* If the defendant fails to counter the plaintiff's evidence, then the defendant's retaliatory actions are considered a "necessary condition" of the plaintiff's harm, and the plaintiff has established the "but-for" causation needed to succeed on his claim. *Id.*

Because Defendants do not dispute that Manuel has provided sufficient evidence that he engaged in protected speech, the Court considers this point conceded for purposes of this ruling. The Court also finds sufficient evidence that Manuel suffered a deprivation likely to deter First Amendment activity in the future – an improper shakedown, the issuance of an inaccurate disciplinary ticket, and subsequent placement in segregation and transfer to a higher security institution. Defendants' argument that Manuel fails to meet this requirement because he filed grievances and otherwise pursued First Amendment activities following the alleged adverse actions is unavailing. The question is not whether Manuel himself was actually deterred, but whether a person of "ordinary firmness" would be deterred. *Surita v. Hyde*, 665 F.3d 860, 878 (7th Cir. 2011); *see Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009).

As to whether Manuel's First Amendment activity was a "motivating factor" in Defendants' decision to undertake the alleged adverse action, Manuel asserts that the timing of

the events, coupled with Defendant Miller's display of animus toward him on June 22, 2015 and Defendant Nalley's failure to adequately investigate prior to issuing the relevant disciplinary ticket evidences Defendants' retaliatory motive. The Court recognizes the close temporal proximity between the protected activity and the alleged adverse action. Manuel's heated conversation with Defendant Miller occurred only minutes or hours before Defendant Nalley came to his cell for a shakedown. *See Kidwell*, 679 F.3d at 966 ("For an inference of causation to be drawn solely on the basis of a suspicious-timing argument, we typically allow no more than a few days to elapse between the protected activity and the adverse action."). However, there can be no adverse, retaliatory action without knowledge of protected conduct. *Morfin v. City of East Chi.*, 349 F.3d 989, 1005 (7th Cir. 2003) ("The protected conduct cannot be proven to motivate retaliation if there is no evidence that the defendants knew of the protected activity") (internal quotations and citations omitted). Moreover, for a suspicious-timing argument alone to give rise to an inference of causation, the plaintiff must "show that the person who decided to impose the adverse action knew of the protected conduct." *Kidwell*, 679 F.3d at 966.

Here, there is no direct evidence that Nalley was aware of Manuel's conversation with Miller or that he filed grievances and prepared a lawsuit prior to the shakedown of his cell[3]. Similarly, there is no evidence that Miller directed Nalley to search Manuel's cell due to his filing of grievances. The Court, then, is left to consider whether there is sufficient circumstantial evidence for a factfinder to reasonably infer that Defendant Nalley knew Manuel was engaging in protected activity. *See Santiago v. Anderson*, No. 05-512-cv-MJR-CJP, 2010 WL 4457334, at

---

[3] Defendants argue that the shakedown was initiated by the June 12, 2015 incident report filed by Markel and witnessed by Rosa. Plaintiff counters that the report was fabricated based on the deposition testimony of Jennifer Wilson, the law librarian at Big Muddy. Wilson testified that on June 12, 2015, Char Rosa asked her to copy pages of a lawsuit Plaintiff was drafting that she had acquired (Deposition of Jennifer Wilson, Doc. 85-2, p. 5). Wilson declined to copy the pages and, later that day, Rosa informed Wilson that she did not need the copies as she obtained the documents she wanted through Plaintiff's cellmate, who retrieved them for her (*Id.*). Despite Plaintiff's reliance on this recitation of events to prove retaliatory motive, it is unpersuasive as it fails to demonstrate, or permit a reasonable inference, that Nalley was aware of the events occurring on June 12, 2015.

*4 (S.D. Ill. Nov. 1, 2010) ("A jury must weigh Defendants' assertions of a lack of knowledge against Santiago's assertions and circumstantial evidence"); *cf. Ridings v. Riverside Med. Ctr.*, 538 F.3d 755, 774 (7th Cir. 2008) (explaining, in an FMLA retaliation case, that plaintiffs need only provide circumstantial evidence from which a person could conclude that defendants had knowledge of protected activity).

Manuel has presented evidence that Nalley failed to adequately investigate prior to issuing the June 22, 2015 disciplinary ticket and attests that the confiscated items were not his (Doc. 85-1 at ¶¶ 1-2)[4]. Manuel has also presented evidence that Nalley threatened the law librarian, Jennifer Wilson, sometime prior to June 12, 2015, because she "provided too much help to inmates" and that she should "back off" providing legal assistance (Doc. 85-2 at 7-8). But this evidence, even when viewed in Manuel's favor, is insufficient for a reasonable jury to conclude that Nalley knew that Manuel was engaging in protected conduct and that he was motivated by the same at the time he conducted the shakedown of Manuel's cell and issued the disciplinary ticket. Thus, Manuel has failed to establish his prima facie case and Defendants are entitled to judgment as a matter of law.[5]

## Conclusion

For the foregoing reasons, the Motion for Summary Judgment filed by Defendants Nick Nalley and Cindy Miller (Doc. 82) is **GRANTED**. This case is **DISMISSED WITH PREJUDICE** and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

---

[4] The parties do not address whether Plaintiff's contentions concerning the validity of the disciplinary ticket and related punishment presents an issue in light of *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997). Because the record is not clear as to whether Plaintiff actually lost good conduct credit due to the disciplinary ticket, the Court assumes *Heck* is not applicable.

[5] The Court need not consider Defendants' qualified immunity argument as it finds that Defendants did not violate Manuel's constitutional rights.

**IT IS SO ORDERED.**

**DATED:  December 26, 2017**

                                                  **s/ Staci M. Yandle**
                                                  **STACI M. YANDLE**
                                                  **United States District Judge**