IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELIJAH MANUEL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 15-CV-783 –SMY-RJD |
| ZACHARY ROECKEMAN, C/O NALLY, and CINDY MILLER, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Elijah Manuel, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Big Muddy Correctional Center ("Big Muddy"). Specifically, Plaintiff alleges that Defendants Nick Nalley and Cindy Miller retaliated against him for filing a grievance in violation of the First and Fourteenth Amendments. On December 26, 2017, the Court granted summary judgment in Defendants' favor (Doc. 88). Plaintiff's Motion for Relief from Judgment pursuant to Rules 59 and 60 (Doc. 90) is now before the Court. Defendants filed a response (Doc. 93). For the following reasons, the Motion is **DENIED**.

### Standard of Review

Under Rule 59(e), the Court may alter or amend its judgment if the movant "clearly establish[es] (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.,* 698

F.3d 587, 598 (7th Cir.2012) (quoting *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006)). The rule "enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1996). A proper motion to reconsider does more than take umbrage and restate the arguments that were initially rejected during the summary judgment phase. *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006).

Rule 60(b) permits relief from a judgment for a number of reasons, including mistake or "any other reason justifying relief from the operation of judgment." Fed. R. Civ. P. 60(b). However, in contrast to Rule 59(e), legal error is not an appropriate ground for relief under Rule 60(b). *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002).

**Discussion**

A prison official who takes action in retaliation for a prisoner's exercise of a constitutional right violates the Constitution. *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). In order for a plaintiff to prevail on a First Amendment retaliation claim, he must show that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the defendant's decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (other citations omitted).

Viewing the evidence in the light most favorable to Plaintiff, the Court found that Plaintiff satisfied the first two elements of a *prima facie* case. However, the Court concluded the evidence was insufficient to establish that Plaintiff's First Amendment activity (filing grievances and preparing a lawsuit) was at least a motivating factor in the Defendants' decision to take the alleged retaliatory action (cell shakedown and disciplinary ticket). Specifically, the Court found

that there was neither direct nor sufficient circumstantial evidence for a fact-finder to reasonably infer that Defendant Nalley, who implemented the shakedown and issued the disciplinary ticket, knew Plaintiff was engaged in protected activity.

Plaintiff asserts that he "may not have fully briefed the Court" on the issue of whether Defendant Nalley knew that Plaintiff was engaged in protected activity, and now claims that he "has some additional insights to offer the Court" that establish that Defendant Nalley indeed knew that Plaintiff was engaged in protected activity. In other words, Plaintiff seeks a second chance to establish genuine issues of fact.

A Rule 59 motion is not an appropriate vehicle for presenting evidence that could have been raised during the pendency of the motion presently under reconsideration. *Sigworth v. City of Aurora,* 487 F.3d 506, 512 (7th Cir. 2007). Here, the evidence that Plaintiff references in his attempt to "elucidate" the Court is not "newly discovered." Rather, the documents, including shakedown, disciplinary and incident reports, were all available to Plaintiff at the time he filed his response to Defendants' motion for summary judgment. Plaintiff's attempt to raise new arguments that should have been raised previously is improper.

Moreover, the Court is unconvinced that Plaintiff's additional "insights" establish that Defendant Nalley knew that Plaintiff was engaged in protected activity. Many of the arguments made in Plaintiff's motion were previously made and rejected by this Court. Further, Plaintiff's assertion that because Nalley investigated the assault giving rise to Plaintiff's grievance, he should have "at the very least been put on notice of the potential lawsuit for an Eighth Amendment lawsuit for failure to protect" is speculative and does not defeat summary judgment.

Simply put, the evidence in the record, as a whole, is insufficient to establish that Nalley knew that Manuel was engaging in protected conduct or that he was motivated by the same at the

time he conducted the shakedown of Plaintiff's cell and issued the disciplinary ticket.  Upon review of the record, the Court remains persuaded that its ruling granting summary judgment to the Defendants was correct.  Accordingly, Plaintiff's motion is **DENIED.**

**IT IS SO ORDERED.**

**DATED:  September 24, 2018**

<u>s/ Staci M. Yandle</u>
**STACI M. YANDLE**
**United States District Judge**